IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CR-335-WKW |
| | ) | [WO] |
| WALLACE EUGENE McCREE III | ) | |
| and JAMES MARVIN HAWKINS | ) | |
| | ) | |

## **ORDER**

On March 17, 2020, this Court entered a General Order in response to the outbreak of Coronavirus Disease of 2019 (COVID-19) within the Middle District of Alabama, and the rapidly evolving threat to health and safety posed by the outbreak, that continued all jury trials for thirty days pending further order of the court. Order, *In re: Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus*, 2:20-mc-3910-ECM (M.D. Ala. Mar. 17, 2020), ECF No. 2.  The Court also issued an Order on March 18, 2020, restricting access to courthouses in the Middle District of Alabama.  *Id*. at ECF No. 3. Additionally jury selection and trial in Defendants' cases were previously continued "[d]ue to the court's reduced ability to obtain an adequate number of jurors and the effect of the public health recommendations on the availability of counsel and court staff to be present in the courtroom."  (Doc. # 832.)

The Speedy Trial Act excludes from certain of its computations any delay resulting from a continuance granted by the court based on its "findings that the ends of justice served by" granting the continuance "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Court made an ends-of-justice finding in its General Order and set forth the reasons for that finding. *In re: COVID-19*, ECF No. 2. Moreover, the Court made clear that, due to the unprecedented nature of the Public Health Emergency caused by COVID-19, its ends-of-justice finding and the supporting reasons applied equally to "any defendant's right to a speedy trial" in this district. *Id.*

In light of the Speedy Trial Act's admonition that such findings and reasons be "set[] forth, in the record of the case," 18 U.S.C. § 3161(h)(7)(A), the court adopts the General Order, its findings, and its reasons into the record of this case. The court also notes that other reasons individually attributable to this case may further support the ends-of-justice finding. The court reserves the right to set forth any such findings in the future. 18 U.S.C. § 3161(c)(1). Based upon the current COVID-19 pandemic, and for good cause, the ends of justice are served by setting Defendants' trials on February 1, 2021, outweigh the best interest of the public and Defendants in a speedy trial.

Based on the foregoing, it is ORDERED that jury selection and trial are set for the criminal term of court commencing on **February 1, 2021, at 10:00 a.m.**, in Courtroom 2-F, at the Frank M. Johnson Federal Courthouse, located at One Church Street in Montgomery, Alabama.   It is further ORDERED as follows:

(1)   Proposed voir dire questions shall be filed **on or before two weeks before jury selection**.   Counsel should not include questions seeking information which is provided in the jury questionnaire.

(2)   All motions *in limine* shall be filed on or before **two weeks before jury selection**.   Motions *in limine* must be accompanied by a brief.   Failure to file a brief will result in denial of the motion.   Responses to motions shall be filed on or before **one week before jury selection**.

(3)   Proposed jury instructions shall be filed on or before **one week before jury selection**.

(4)   Each party shall have available at the time of trial, for use by the court and opposing counsel, four copies of the exhibit list and four copies of each photostatically reproducible exhibit listed.

(5)   The court will not consider a plea pursuant to Rule 11(c)(1)(A) or (C) unless notice is filed on or before noon on **January 11, 2021**.   The Government and Defendants are informed that if a Defendant waits until the last minute to enter a

plea, and if that plea, for whatever reason, is not accepted by the court, the Defendant and the Government will be expected to be prepared to go to trial on February 1, 2021. The court will not continue the trial of this case as to any Defendant because a Defendant's plea was not accepted. In other words, the Defendants and the Government should not wait until the last minute for a Defendant to enter a guilty plea, and Defendants and the Government should all be ready to go to trial on February 1, 2021, as to all Defendants, even though a particular guilty plea was not accepted by the court.

The United States Magistrate Judge shall conduct a pretrial conference prior to the **February 1, 2021** trial term.

DONE this 15th day of December, 2020.

                                        /s/ W. Keith Watkins
                             UNITED STATES DISTRICT JUDGE